Case No. NO. 17-13200-K

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

JAZZMON EDMUNDSON,
Plaintiff/Appellant,

The City of Atlanta as a municipality bound by & through Chief George Tuner in

both individual and official capacity; Officer Locke in his official Atlanta Police

capacity and personal capacity; Demetrius Jones in both individual and official

capacity, Sgt Robert Daniels in both individual and official capacity as an Atlanta

Police Officer, Sgt Andrew Cerul in his individual and official capacity as an

Atlanta Police Officer, and; Sgt. Luis Medina in his individual and official

capacity as an Atlanta Police Officer & JOHN DOE(s) to be named

Defendant(s) Jointly and Severally, Defendants/Appellees.

On Appeal from the U.S. District Court for the Northern
District of Georgia / Atlanta Division

BRIEF OF APPELLANT Jazzmon Edmundson

C. Victor Long, Esquire
Georgia Bar No. 456950
PO Box 310928
Atlanta, Georgia 30331
678.886.9142 phone
attjud@bellsouth.net

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS
& DISCLOSURE STATEMENT……………………………………………3

STATEMENT REGARDING ORAL ARGUMENTS…………………......6

TABLE AND CITATIONS & AUTHORITIES…………….……………7

TABLE OF RECORD REFERENCES…………………………………...8

STATEMENT OF JURISDICTION………………………….…………9

STATEMENT OF ISSUES & ENUMERATION OF ERRORS…………….9

STATEMENT OF THE CASE………………………………………..12

I.      COURSE OF PROCEEDINGS AND DISPOSITION IN THE

        DISTRICT COURT……………………………………………12

II.     STATEMENT OF FACTS…………………………………….14

III.    STANDARD OF REVIEW……………………………………..17

IV.     ARGUMENT AND CITATIONS OF AUTHORITY………………..17

V.      LEGAL STANDARD FOR 12(b)(6) MOTION TO DISMISS

        a. Summary: THE TRIAL COURT ERRED IN FINDING THAT THE

           APPELLANTS CAUSE OF ACTION FAILED TO STATE A

           CLAIM TO WHICH THERE WAS A REMEDY…………………17

CONCLUSION ……………………………………………………...21

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ……………….22

CERTIFICATE OF SERVICE …………………………………………23

Case: 17-13200 Document: 24 Date Filed: 10/27/2017 Page: 3 of 24

IN THE UNITED STATES COURT OF APPEALS

11th Circuit

JAZZMON EDMUNDSON,                )
Appellant,                        )
vs.                               )         CIVIL  ACTION  NO.:
                                  )         17:13200:K
CITY OF ATLANTA *et al.*,         )
         Appellee.                )

---

## CERTIFICATE OF INTERESTED PERSONS

---

COMES NOW the Plaintiff in the above-referenced action and file this, his
        Certificate of Interested Persons and Corporate Disclosure, showing
        this Court as follows:

(l) The undersigned counsel of record for a patty to this action certifies that the

following is a full and complete list of all parties in this action, including any

parent corporation, and a publicly held corporation that owns 10% of more of the

stock of a party:

   (A) JAZZMON EDMUNDSON, individual plaintiff/ not a corporate entity;

   (B) The City of Atlanta to be served through its Mayor Kasim Reed in his
       capacity as

       Mayor or Atlanta; Defendant

   (C) Chief George Tuner in his capacity as Chief of Police for Atlanta and
       personally;

       Defendant

   (D) Officer Demetrius Jones in his capacity as an Atlanta Police Officer and
       personally;

Defendant

(E) <u>Sgt Robert Daniels</u> in his capacity as an Atlanta Police Officer and personally;

Defendant

(F) <u>Sgt Andrew Cerul</u> in his capacity as an Atlanta Police Officer and personally;

Defendant

(G) Sgt. Luis Medina in his capacity as an Atlanta Police Officer and personally;

Defendant

(H) Chief of Police Erica Shields in her capacity of Atlanta Police.

(I) Officer Locke in his capacity as an Atlanta Police Officer and personally

(2) The undersigned further certify that the following is a full and complete list of all other persons, associates of persons, firms, partnerships, corporations (including those related to a party as a subsidiary, conglomerate, affiliate or parent corporation) having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case:

(A) C. Victor Long, Attorney for Plaintiff;

(B) Attorney for Appellee / Not Known at the Time of Filing of Notice of Appeal;

This request is respectfully submitted this 26th day of October, 2017.

/ss/ C. Victor Long
C. VICTOR LONG Bar # 456950

Clarence Victor Long
PO Box 310928
404.344.7887
attjud@bellsouth.net

## STATEMENT REGARDING ORAL ARGUMENT

Appellant has no interest in oral argument in this case.

Case: 17-13200    Date Filed: 10/27/2017    Page: 7 of 24

## TABLE OF CITATIONS AND AUTHORITIES CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………………………….    19

*Austin v. Clark*, Case No. S13G1590 (decided March 10, 2014)…………    19

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)……………….    18

Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010)……………    18

Erickson v Pardus, 551 U.S. 89, 94 (2007)………………………………..    18

Garrity v New Jersey 385 U.S. 493 (1967)………………………………..    17

Gilbert v. Richardson, 264 Ga. 744, 452 S.E.2d 476, 483 (1994)…………    10

*Islam v. Wells Fargo Bank, N.A.*, Case No. A13A2373 (decided April 18, 2014)……………………………………………………………………..    21

James River Ins, Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) …………………………………………………………    18

Peterson v. Baker, 504 F.3d 1331, 1339 (11th Cir. 2007)…………...........    10

Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011)    18

Sinaltrainal v. Coca-Cola co. 578 F.3d 1252, 1260 (ll th Cir. 2009)……….    18

## STATUTES

28 U.S.C. 1291 …………………………………………………………10

## RULES

Fed. R. Civ. P. 12(b)(6) …………………………………………………9, 17-21

## TABLE OF RECORD REFERENCES

Original Complaint Jazzmond Edmundson v City of Atlanta et al 12/16/16……..12

Defendants MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
02/15/2017…………………………………………………………...……13

Plaintiff's Response Motion 03/07/2017. ………………………………….…..13

Plaintiff Amended Response Motion 03/20/2017 …………………………..….13

Plaintiff Amended Complaint on 04/21/ 2017. …………………………………...13

The Defendants Motion to Dismiss 05/05/2017 …………………………………14

Plaintiff Response Motion 05/25/2017. ......…………………………………..14

Plaintiff Amended Response 06/20-2017 Introducing Police Records …......……..14

Clerk's Dismissal and Close of Case 06/21/2017 ………...……………….…..14

Plaintiff's Motion for Reconsideration 06/29/2017 ……………...………….…..14

Plaintiff's Notice of Appeal 07/16/2017…………………………...……………..14

Notice of Removal 07/10/16…………………………………………...………12

*Underlined Items are also attached to Appendix as noted exhibits.

Case: 17-13200    Document: 24    Date Filed: 10/27/2017    Page: 9 of 24

## STATEMENT OF JURISDICTION

The United States Court of Appeals for the Eleventh Circuit has jurisdiction of this appeal under 28 U.S.C. 1291 because it is an appeal from a final decision of the United States District Court for the Northern District of Georgia. Though multiple parties were named as defendants, because the trial court's order applied to all of them, the judgment rendered is a final, appealable one.

## STATEMENT OF ISSUES & ENUMERATION OF ERRORS

Plaintiff Jazzmon Edmundson in the above-named case, hereby provided notice of appeal to the United States Court of Appeals for the 11th Circuit from the final judgment of dismissal at the 11th Circuit from the Northern District of Georgia Atlanta Division based upon:

1. The Plaintiff asserts that the dismissal of the claim based upon the 12b standard was an error as the complaint itself was well plead and laid out factual allegations and assertions that would cause the Court to believe that a controversy existed whereby the Plaintiff could be made whole.

2. The Plaintiff asserts that the dismissal of the Complaint with prejudice against the Officers acting in their individual capacities was decided in error because the Plaintiff has alleged that each of the Officers lied in their assertions that the Plaintiff committed the act of theft and the Plaintiff has provided evidence to the lower Court through the reports of the Officers that show conflicting

statements, and the fabrication of testimony; thereby qualifying their statements

as malicious.   The Plaintiff cited to Keele in her response motion which states:

Keele v. Glynn County states:  Official immunity protects county officers and

employees from certain state-law claims. Official immunity protects officials

where the claim arises out of the official's performance of a discretionary

function.  It does not protect officials who "negligently perform or fail to

perform their ministerial functions." Peterson v. Baker, 504 F.3d 1331, 1339

(11th Cir. 2007) (citing Gilbert v. Richardson, 264 Ga. 744, 452 S.E.2d 476,

483 (1994)). <u>Moreover, "it does not protect officials who "act with actual

malice or intent to cause injury in the performance of their official functions."

Id.</u>

3. The Plaintiff asserts that the Dismissal of the 14th Amendment claim associated

   with the demotion of the Plaintiff due to the lack of caselaw was an error as the

   Plaintiff has alleged facts detailing the false accusations of her managers, their

   rapid demotion without providing her the opportunity to defend herself or have

   a hearing, which should be construed by the Court as a violation of her due

   process rights and is ripe.

4. The Plaintiff asserts that the dismissal of the claim against the city for failure to

   provide a civil service board hearing was in error and that the claim is ripe

   because the Plaintiff has presented Atlanta Journal Constitution articles

Case: 17-13200    Document: 24    Date Filed: 10/27/2017    Page: 11 of 24

detailing public knowledge of the City of Atlanta's intentional refusal to appoint board members in hopes of precluding board hearings from occurring; evidence that would traditionally be revealed through discovery and which could reveal a pattern of abuse by the municipality. The Plaintiff contends that the Court's refusal to hear the matter, choosing instead to dismiss the matter without prejudice does, in fact, prejudice the Plaintiff because there is no guarantee that the Court would not come to the same conclusion if the action were filed within 6 months of its dismissal; thereby placing the plaintiff in a position of ongoing harm with no clear remedy in view should the court decide again that the Government may stay proper procedural safeguards for a year.

5. The Plaintiff asserts that the lower Court's refusal to acknowledge the new evidence that the Plaintiff provided; namely written notice to the Court that the Plaintiff's Union members were present at the inquiry with OPS and that Union members also watched the video alongside OPS investigators and [her] attorney; thereby nullifying the assertion that the Plaintiff did not attempt to assert her rights in any way. Moreover, taken in the aggregate, the Court's refusal to review of the report written by Officer Medina, which has been noted by the Defendant as being false, provides evidence that there exists fraudulent information provided by the offices who harmed Jazzmon Edmundson; that

evidence being devoid of judgmental error and, therefore, malicious in nature, which would bind the officers to the state tort claims.

## STATEMENT OF THE CASE

## COURSE OF PROCEEDINGS AND DISPOSITION IN THE DISTRICT COURT

As shown by the <u>Notice of Removal</u> which brought this case to the district court on July 10th 2017, it was originally filed in Federal Court for the Northern District of Georgia [11th Circuit] on 12/16/2016. The complaint contained several counts against Appellees/Defendants, The City of Atlanta as a municipality bound by & through Chief  George Tuner in both individual and ; official capacity; Chief Erika Shields in her official capacity and personal capacity;  Officer Locke in his official Atlanta Police capacity and personal capacity; Demetrius Jones in both individual and official capacity, Sgt Robert Daniels in both individual and official capacity as an Atlanta Police Officer, Sgt Andrew Cerul in his individual and official capacity as an Atlanta Police Officer, and; Sgt. Luis Medina in his individual and official capacity as an Atlanta Police Officer & JOHN DOE(s) to be named Defendant(s), all related to the demotion of the Plaintiff/ Appellant after being falsely accused of stealing a wallet from a co-worker; alongside her termination at the hands of the Chief of Police's disciplinary panel for the allegation of shoplifting absent a finding of guilt.

Among the allegations in the original lawsuit were a 1983 Cause of Action, a 14th Amendment Due Process Cause of Action based upon the violation of procedural due process rights and the subsequent deprivation of her rights as an officer as she was demoted from patrol officer to desk duty, and unable to carry a weapon or make an arrest, without having been privy to a fair and impartial investigation subsequent to being accused of stealing a wallet from a colleague. The complaint noted that there were flaws in the investigation relating to the staging of a crime scene by APD investigators and it was later revealed through the discovery of Police reports [submitted via evidentiary amendments] that the investigator who accused the Plaintiff fabricated their testimony. Additionally, causes of action for Defamation, Libel and Slander, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress were present in the original complaint.

On 02/15/2017 Defendants filed a MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. The required Plaintiff's response motion was filed twenty days later on 03/07/2017. The Plaintiff amended her response motion on 03/20/2017 and requested the Court allow for an amendment to the complaint and allowance to cure any defects. The Court allowed for the cure and the Plaintiff filed an amended complaint on 04/21/ 2017. The Defendants again filed a motion

to dismiss on 05/05/2017 and the Plaintiff timely filed a response motion on

05/25/2017.

The Plaintiff amended her response on 06/20-2017 where she introduced police

records whereby the investigator noted falsely that he witnessed the Plaintiff

discard the stolen wallet on video; the same video which was viewed in the

presence of her Attorney and Internal Affairs officers which did not present the

Plaintiff discarding the wallet.

The Clerk on 06/21/2017 closed the case; noting in error that the Plaintiff had

not timely filed responses. Subsequent to the dismissal, a motion for

reconsideration was filed on 06/29/2017 noting the fact that the Plaintiff alerted the

Court to fraud committed by the investigating officer even prior to discovery

proceedings and a notice of appeal was filed on 07/16/2017

## STATEMENT OF FACTS

Officer Demetrius Jones arrived at the zone 3 precinct at the end of his shift on

the morning of December 21st 2015. Officer Jones got out of the patrol car,

allegedly leaving his wallet in the car;

Officer Jazzmon Edmundson approached the car. Officer Edmundson left the

car after taking an inventory of the car (not finding a wallet in the car). Officer

Edmundson received a call over the walkie talkie from Officer Demetrius Jones.

Case: 17-13200    Document: 24    Date Filed: 10/27/2017    Page: 15 of 24

Officer <u>Jones</u> asked Officer Edmundson if she had seen the (missing) wallet (noting to her that it had some change in it). Officer Edmundson noted that she had not seen a wallet.

The two agreed that Officer <u>Jones</u> would attempt to meet with Officer Edmundson to search the vehicle again. While on duty, Officer Edmundson was contacted by Officer <u>Jones</u> but she missed the call and Officer Edmundson called back. Lt. Kevin Iosty requested that she return to the Precinct.

The missing wallet was reportedly found by the steps leading into the building at the rear. The wallet was (reportedly) missing 700.00. Officer D. Jones (reportedly) placed the wallet at the foot of the steps so that the ID Unit could take a picture of (what appeared to be) evidence for their records.

Officer Edmundson (solely) was questioned and searched as it relates to the missing money. Her superiors implied her guilt throughout the questioning. On December 22nd 2015, Officer Edmundson was approached while leaving Fulton County Court by <u>Sgt Daniels</u> , <u>Sgt Cerul</u>, and <u>Ofc. Locke</u> and relieved of her duty weapon and Taser in plain sight of the public; providing notice to the public that she was guilty of [some] wrong doing at that moment.

Officer Edmundson was accused of theft upon her return to the precinct. Officer Edmundson (solely) was relieved of duty prior to a full investigation being launched into the matter without having been: Placed under physical arrest;

Formally indicted by a Grand Jury; Having formally been proven to have displayed a gross disregard for the authority of the rules of the Department; Exhibited behavior(s) indicative of apparent psychological or emotional impairment; or Ordered to submit to a Substance Abuse Analysis Test [all guidelines pursuant to Atlanta Police Department Policy Manual APD SOP. 2020 Disciplinary Process / Relief from Duty 4.10.20.

Officer Edmundson was qualified as guilty by her superior officers, Sgt. Luis Medina (The Primary Investigator) and suspended without a hearing and without the opportunity to defend herself and her reputation in the matter;

The incident was leaked to the television news outlets and can be seen online and Officer Edmundson's reputation have been damaged within the department; her peers knowing that she is the Officer refenced in the television news report.

Officer Jones (the alleged victim) reportedly told a managing officer that the money was a product of his selling a weapon. Local News reported that the missing money was connected to Officer Jones working additional jobs for other officers which is subject to scrutiny because he was not a veteran at the time of the incident.

Officer Jazzmon Edmundson was demoted and ostracized by Atlanta Police based upon the allegation of theft; and the [case] was reportedly forwarded to the Special Prosecutor in lieu of possible prosecution based upon the internal affairs

investigation, which stands in direct violation to <u>Garrity v New Jersey</u> 385 U.S. 493 (1967).

Officer Edmundson was eventually the victim of a speedy termination for a separate incident after a disciplinary meeting with Chief Turner where she requested the opportunity to keep her position until the second matter was adjudicated; and Officer Edmundson was terminated at the request of Chief Turner, who possessed knowledge of the [wallet] allegation. She requested a Civil Service Board hearing with city government and has not been granted a hearing to contest the firing to date despite requesting <u>mediation</u> [which the city qualified as a single phone call to report the request to mediate] and a hearing. That request for the Board hearing was timely filed. Jazzmon Edmundson has not been provided a civil service board hearing to this day, which amounts to almost a full calendar year without having been provided her due process rights. Jazzmon Edmundson filed a lawsuit timely in the 11th Circuit.

## STANDARD OF REVIEW ARGUMENT AND CITATION OF AUTHORITY FOR RULE 12b MOTION TO DISMISS

### Summary of Argument

The Trial Court erred in Finding that the Appellant's Cause of Action failed to state a claim to which there was no remedy as the complaint provided a framework

for the inflicted State and Federal Torts and the Appellant was able to produce evidence of the fraud committed by Atlanta Police Officers.

This Court reviews de novo a district Court dismissal of a complaint for failure to state a claim upon which relief can be granted, and in doing so, the Court accepts the allegations in the complaint as true, while construing them in a light most favorable to the Plaintiff. Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011). Regarding a motion, pursuant to Fed.R.Civ. 12(b)(6), to dismiss a complaint for failure to state a claim, the trial court correctly noted, per Sinaltrainal v. Coca-Cola co., 578 F.3d 1252, 1260 (l I th Cir. 2009), that if a complaint's Pacts "do not state a claim for relief that is plausible on its face" it may be dismissed by the court (R 21, p. 3).

In deciding s Rule 12(b) motion to dismiss, the Court must accept all well plead factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Erickson v Pardus, 551 U.S. 89, 94 (2007). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins, Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).

Additionally, In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court created a

heightened standard for pleading in federal court. A complaint must contain

sufficient factual detail to state a plausible claim for relief. This higher standard

has led to more successful challenges to pleadings in federal court. *See* The

Eleventh Circuit Reinforces a High Pleading Standard (posted March 14, 2014).

However, the Georgia state courts have declined to embrace the *Iqbal-Twombly*

standard and have continued to apply a very low threshold for pleading a claim for

relief.

Moreover, in *Austin v. Clark*, Case No. S13G1590 (decided March 10, 2014),

the Georgia Supreme Court reversed the dismissal of a complaint. The Court

quoted one of its earlier decisions that set forth the following pleading standard

stating: "A motion to dismiss for failure to state a claim upon which relief may be

granted should not be sustained unless (1) the allegations that the complaint

disclosed with certainty that the claimant would not be entitled to relief under any

state of provable facts asserted in support thereof, and (2) the movant establishes

that the claimant could not possibly introduce evidence within the framework of

the complaint sufficient to warrant a grant of the relief sought." Id. In deciding a

motion to dismiss, all pleadings must be construed most favorably to the party who

filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

Here, the Defendant cannot assert that there is not available relief for any of the provable facts asserted and the Plaintiff provided the court with proof of a video that, when viewed next to the statements of the investigator, proves the fraud. Id. Moreover, if the video were allowed entry as evidence *through the course of discovery*, it is more likely that the finder of fact would note that the video evidence which lacks any verifiable proof of wrongdoing, combined with the fraudulent statements of the Defendant would also meet the burden of proof required to preclude summary judgement pursuant to Austin v. Clark. Id.

In *Islam v. Wells Fargo Bank, N.A.*, Case No. A13A2373 (decided April 18, 2014), the Georgia Court of Appeals reversed the dismissal of a complaint and relied upon the same minimal standard stating: [I]t is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim.

Rather, the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act. Thus, a motion to dismiss for failure to state a claim should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be

entitled to relief under any state of provable facts asserted in support thereof. <u>Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient</u>.

Here, a well plead complaint was timely filed with the Court. Additionally, the Complaint contained factual allegations, noted dates, times and names of each of the actors who initially caused the torts. Additionally, the Plaintiff amended the complaint and provided additional evidence of the fraud, which would normally have been unearthed during discovery; a requirement not traditionally deemed necessary to provide during the initial pleadings stage even under Twombly.

Finally, the Plaintiff alerted the Court of the additional evidence prior to the Court's dismissal; leaving the Plaintiff to discern that the Lower Court refused to acknowledge or analyze evidence which would likely have maintained the lawsuit.

CONCLUSION

For the above-stated reasons, the trial court erred in dismissing the Appellant's complaint. The judgment should be reversed and remanded to the District Court.

Respectfully submitted, This 26th day of October 26, 2017.

/s/C. Victor Long, Esquire
Georgia Bar No. 456950
PO Box 310928
Atlanta, Georgia 30331

**Federal Rules of Appellate Procedure Form 6. Certificate of
Compliance With Type Volume Limit
Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements**

1.    This document complies with [the type-volume limit of Fed. R. App. P. [*insert Rule citation; e.g., 32(a)(7)(B)*]] [the word limit of Fed. R. App. P. [*insert Rule citation; e.g., 5(c)(1)*]] because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

        _X__ this Brief Beginning at Enumerated Errors to Conclusion contains *2875* words and 4089 total words within the entire document **or**

        _____this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

        __X_ this document has been prepared in a proportionally spaced typeface using [*Word 2010*] in [*14 Point Times New Roman*], **or**

        _____this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

Respectfully submitted, This 26th  day of October 26, 2017

                        /ss/C. Victor Long, Esquire
                        Georgia Bar No. 456950
                        PO Box 310928
                        Atlanta, Georgia 30331
                        678.886.9142 phone
                        attjud@bellsouth.net

Case: 17-13200 Document: 24 Date Filed: 10/27/2017 Page: 23 of 24

## CERTIFICATE OF SERVICE

I hereby certify that I have filed Appellate Brief and served it electronically upon all attorneys of record.

Joan Clarke
Senior Assistant City Attorney
55 Trinity Ave
Suite 5000
Atlanta, GA 30303-3520
jeclarke@atlantaga.gov

Respectfully submitted, This 26th day of October 26, 2017.

/Ss/ C. VICTOR LONG, ESQ.

C. Victor Long, Esquire
Georgia Bar No. 456950
PO Box 310928
Atlanta, Georgia 30331
678.886.9142 phone
attjud@bellsouth.net

Case No. NO. 17-13200-K

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### JAZZMON EDMUNDSON,
Plaintiff/Appellant,

The City of Atlanta as a municipality bound by & through Chief George Tuner in both individual and official capacity; Officer Locke in his official Atlanta Police capacity and personal capacity; Demetrius Jones in both individual and official capacity, Sgt Robert Daniels in both individual and official capacity as an Atlanta Police Officer, Sgt Andrew Cerul in his individual and official capacity as an Atlanta Police Officer, and; Sgt. Luis Medina in his individual and official capacity as an Atlanta Police Officer & JOHN DOE(s) to be named Defendant(s) Jointly and Severally, Defendants/Appellees.

On Appeal from the U.S. District Court for the Northern District of Georgia

### APPENDIX OF APPELLANT Jazzmon Edmundson

C. Victor Long, Esquire
Georgia Bar No. 456950
PO Box 310928
Atlanta, Georgia 30331
678.886.9142 phone
attjud@bellsouth.net